UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHELSTAN A. WRIGHT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. ALBRECHT, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:23-cv-00453-DJC-JDP (PC)<br><br><br>ORDER |

　　　　Plaintiff brings this section 1983 case against various correctional officer defendants at High Desert State Prison.  ECF No. 1 at 3.  For the reasons stated below, the complaint cannot proceed as currently articulated.  I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening Order**

**I.　　Screening and Pleading Requirements**

　　　　A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

1

1  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

2  claim upon which relief may be granted, or seeks monetary relief from a defendant who is

3  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

4        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

5  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

6  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

7  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

8  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

9  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

10 identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

11 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

12 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

13 n.2 (9th Cir. 2006) (en banc) (citations omitted).

14       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

15 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

16 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

17 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

18 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

19 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

20 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

21     **II.**    **Analysis**

22       Plaintiff's complaint is difficult to read, but as best I can tell he alleges that defendants

23 confiscated his personal property in retaliation for some protected activity.  ECF No. 1 at 5.

24 Unfortunately, I have been unable to make out the specifics of his complaint because, instead of

25 using additional pages, plaintiff has squeezed seemingly key portions of complaint into the

26 limited space provided by the form.  *Id.* at 5, 7, 9.  Plaintiff's handwriting on the form is faded

27 and so tightly compressed that I have been unable to understand much of what he has written.

28 Rather than attempt to parse his allegations, risking error or omission, I will grant plaintiff leave

to amend.  Given that the essence of any adequate complaint is its provision of notice to both the court and the parties of plaintiff's claims, the current complaint is inadequate.

       Plaintiff may file an amended complaint that addresses this deficiency.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

       Accordingly, it is ORDERED that:

       1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

       2.  Within thirty days from the service of this order, plaintiff may file an amended complaint.  If he does not, I will issue findings and recommendations that the complaint be dismissed for failure to state a cognizable claim.

       3. The Clerk of Court is directed to send plaintiff a complaint form.  If fully pleading his claims requires him to exceed the space provided by the form, he should append additional pages.

IT IS SO ORDERED.

Dated:   May 3, 2023

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE

3