UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHELSTAN A. WRIGHT, | Case No. 2:23-cv-00453-DJC-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| A. ALBRECHT, *et al.*, | |
| Defendants. | |

Plaintiff brings this section 1983 case against defendants alleging various violations of his constitutional rights. After screening his second amended complaint, I find that his Eighth Amendment deliberate indifference to serious medical need claims against defendants Albrecht, Jodin, and Murpy are viable to proceed. His other claims, for the reasons stated below, are not. Plaintiff may either proceed only with his viable claims, or he may delay serving any defendant and file another amended complaint.

## Screening Order

### I.  Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff alleges that, on September 8, 2022, defendants Albrecht, Jodin, and Murphy searched his cell. ECF No. 14 at 5. During the search, they confiscated certain medical equipment, including his prescription glasses, and refused to return it to him. *Id.* As a result, plaintiff claims that he suffered temporary blindness, migraines, headaches, vomiting, and loss of appetite. *Id.* These Eighth Amendment claims are viable.

Separately, plaintiff alleges that Albrecht, Jodin, and Murphy's actions violate his Equal Protection rights and amount to a breach of contract. *Id.* at 7. These claims are non-viable. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not identified what, if any, protected class he belongs to. And his claim for breach of contract is also non-viable. In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239, 70 Cal. Rptr. 3d 667 (Ct. App. 2008). Plaintiff has not alleged sufficiently the existence of an actual contract.

Next, plaintiff alleges that, on September 14, 2022, defendants Albrecht and Jodin filed false disciplinary reports against him. ECF No. 14 at 10. I cannot tell what these false reports were premised on and, although plaintiff alleges that he was not afforded adequate due process in connection with them, he does not specify how it was inadequate. Accordingly, these allegations are too vague to proceed.

Plaintiff also alleges that some of his personal property was lost after the aforementioned confiscation. *Id.* at 11. However, there can be no due process claim for lost property if a meaningful post-deprivation remedy remains available to plaintiff. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California provides such a remedy, and plaintiff does not allege that he has

3

availed himself of it. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Finally, plaintiff alleges that, in January 2023, he was summoned to the program office and told he was being sent to administrative segregation. ECF No. 14 at 12. He alleges that defendant DeForest failed to read him his *Miranda* rights at this time and ignored his protestations that DeForest's subordinates had acted with retaliatory intent. *Id.* These allegations are non-cognizable. Plaintiff does not provide any information as to what criminal charges, if any, he was convicted of. Rather, he references disciplinary proceedings, at which *Miranda* warnings are not required. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976). Further, plaintiff's allegation that he told DeForest that his subordinates were engaged in misconduct, is not, on its own, sufficient to state a claim against him. There is no supervisory liability under section 1983, and plaintiff must allege that DeForest either personally violated his rights or had knowledge of and failed to correct the constitutional violations of his subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Here, plaintiff alleges only that he told DeForest of the subordinates' bad conduct after the fact, once he was on his way to administrative segregation.

Plaintiff may either proceed only with his Eighth Amendment claims against defendants Albrecht, Jodin, and Murphy, or he may file another amended complaint. He is advised that the amended complaint will supersede the current one. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to amend complaint, ECF No. 13, is GRANTED.

4

2. Within thirty days from the service of this order, plaintiff must either indicate his desire to proceed only with the claims identified above as cognizable or he must submit an amended complaint. If he fails to do either, I may recommend that this action be dismissed for failure to prosecute.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:  July 29, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE